IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN L. FEINGOLD, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PAM GRAFF; ROBERTA HARRIS; | : | NO. 12-1090 |
| MICHELLE PUNTURI; MARSHALL, | : | |
| DENNEHEY, WARNER, COLEMAN | : | |
| AND GOGGIN; MARC MANZIONE; | : | |
| PENNSYLVANIA ORTHOPEDIC | : | |
| ASSOCIATES, INC.; GIANT FOOD | : | |
| STORES, LLC; CHRISTOPHER WENK; | : | |
| and MAC RISK MANAGEMENT, INC., | : | |
|     Defendants. | | |

**DuBOIS, J.**                                                                                                    **June 26, 2012**

**M E M O R A N D U M**

## I.  INTRODUCTION

In this lawsuit, plaintiff Allen L. Feingold seeks to recover "legal fees" from his former client, Roberta Harris, whom he represented in a workers' compensation case.[1] With respect to the remaining defendants, plaintiff claims that they wrongfully prevented him from receiving compensation for that representation. The Court construes his vague allegations against those

---

[1] Plaintiff has made a practice of asserting such claims against former clients, opposing counsel, medical experts, and others who were involved in litigation in which he did not prevail. He has filed several lawsuits in the Eastern District of Pennsylvania that are strikingly similar to this one. See, e.g., Feingold v. Unitrin Direct, No. 12-1250, 2012 WL 2157975 (E.D. Pa. June 14, 2012); Pearson v. Tanner, No. 12-798, 2012 WL 1432282 (E.D. Pa. Apr. 25, 2012); Feingold v. State Farm Mut. Auto. Ins. Co., No. 11-6309, 2012 WL 1106653 (E.D. Pa. Apr. 3, 2012); Feingold v. Liberty Mut. Grp., No. 11-5364, 2012 WL 627966 (E.D. Pa. Feb. 28, 2012); Feingold v. Cummins, No. 09-2161, 2009 WL 2137288 (E.D. Pa. 2009). He has also filed many similar lawsuits in the Pennsylvania state courts.

1

defendants—all of whom were involved in the workers' compensation proceedings in various capacities—as asserting state-law claims for fraud, abuse of process, civil conspiracy, and punitive damages.[2]

Presently before the Court are three separate motions to dismiss filed by defendants: (1) the Motion of Defendant Marshall, Dennehey, Warner, Coleman & Goggin, P.C. and Michelle Punturi, Esquire to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (2) the Motion of Defendants, Pam Graff, Christopher Wenk, Giant Food Stores, LLC, and MAC Risk Management, Inc., to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6), and (3) the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) of Defendants, Marc Manzione and Pennsylvania Orthopedic Associates, Inc.  For the reasons that follow, the Court grants all three motions and dismisses plaintiff's Complaint with prejudice against all defendants.

**II.   BACKGROUND**[3]

    A.   <u>The Parties</u>

Plaintiff is defendant Harris's former attorney.  (<u>See</u> Compl. ¶ 47.)  Defendant Giant Food Stores, LLC ("Giant"), was Harris's employer when she suffered an injury at work.  (<u>Id.</u> ¶ 26.)  Although it is not entirely clear from the Complaint, it appears that MAC Risk Management, Inc.

---

[2] Plaintiff's response to the motions to dismiss also refers to "the infliction of emotional distress."  (Resp. 6.)  Plaintiff asserts, "The complaint . . . alleges that, as a result of [defendants'] conduct, plaintiff suffered emotional distress accompanied by extreme mental and physical pain which resulted in the need for medical and psychiatric care."  (<u>Id.</u>)  This is incorrect: the Complaint makes no reference whatsoever to the emotional effect of defendants' actions on plaintiff.  It does not assert a claim for infliction of emotional distress, and this Memorandum will not address that issue further.

[3] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true.

("MAC"), was Giant's insurer at that time.  (See id. ¶¶ 10, 17-25.)  Defendants Manzione and Pennsylvania Orthopedia Associates ("POA") are alleged to be "a physician and group participating in defendants' scheme" to wrongly deny workers' compensation benefits to injured individuals.  (Id. ¶ 42.)  Defendant Marshall, Dennehey, Warner, Coleman, and Goggin ("MDWCG") is the law firm that represented Giant in the workers' compensation proceedings.  (See id. ¶¶ 25, 50.)

The Complaint asserts that defendants Graff, Wenk, and Punturi share business addresses with Giant, MAC, and MDWCG, respectively, (see id. ¶¶ 2, 4, 9), but it alleges nothing more about their involvement in the case.

B.   Factual Background

On September 18, 2003, Harris was injured while working in the seafood department of a Giant store in Plymouth Meeting, Pennsylvania.  (Id. ¶ 26.)  Giant and MAC "initially accepted liability for Harris'[s] injury and issued a Notice of Compensation Payable . . . providing for total disability benefits at the weekly rate of $337.50."  (Id. ¶ 27.)  However, shortly thereafter, they filed a petition to terminate or suspend/modify the benefits.  (Id. ¶ 28.)  On February 9, 2010, a workers' compensation judge granted the petition for suspension/modification, and Harris appealed.  (Id. ¶ 39.)  Plaintiff avers that to "[t]o the best of [his] knowledge, Harris'[s] workers' compensation litigation remains and has not been settled or tried."  (Id. ¶ 73.)

Plaintiff's interest in this controversy arises from his representation of Harris in the workers' compensation proceedings.  In 2003, "[w]ithin days of her accident," Harris hired plaintiff to represent her on a contingent-fee basis.  (Id. ¶ 47.)  Plaintiff alleges that Giant and MAC conspired to obstruct Harris's case and others like it by engaging in deceptive conduct designed to "increase profits and lower costs by decreasing and/or eliminating the amount of

money that seriously injured claimants were likely to receive." (Id. ¶ 17.)

In particular, plaintiff states in the Complaint that Giant and MAC "sought out medical consultants" who would provide false reports and testimony stating that injured workers were not entitled to workers' compensation. (Id. ¶ 18.) Manzione and POA allegedly agreed to provide such false reports and testimony in Harris's case. (Id. ¶ 23.) In addition, as counsel for Giant and MAC, MDWCG allegedly made misrepresentations to the workers' compensation judge that "had the effect of wrongfully causing payment of Harris'[s] benefits . . . to be suspended." (Id. ¶ 50.) Finally, plaintiff claims that Giant and MAC wrongfully refused to engage in "meaningful" settlement discussions with Harris. (Id. ¶ 48.)

Plaintiff's Complaint makes no mention of plaintiff's disciplinary history. However, the court takes judicial notice of the fact that in 2006, plaintiff was suspended from the practice of law in Pennsylvania for five years for, inter alia, "filing frivolous claims of fraud and civil conspiracy against opposing counsel." Feingold v. Hendrzak, 15 A.3d 937, 939 n.1 (Pa. Super. Ct. 2011).[4] He was disbarred on August 22, 2008, because he "failed to notify his clients of [the] disciplinary action and continued practicing law while suspended." Id.; see also Feingold v. Office of Disciplinary Counsel, 415 F. App'x 429, 430 (3d Cir. 2011).

In 2007, after plaintiff was suspended from the practice of law, plaintiff "associated with and transferred responsibility for Harris'[s] litigation" to another attorney. (Id. ¶ 65.) However, on November 10, 2008, plaintiff and Harris allegedly entered an "assignment agreement" under

---

[4]In evaluating a motion to dismiss, a Court may consider items subject to judicial notice and matters of public record. See, e.g., Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Matters of public record include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, and docketed judicial opinions. Pearson v. Tanner, No. 12-798, 2012 WL 1432282, at *2 (E.D. Pa. Apr. 25, 2012) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

which Harris assigned to plaintiff fifty percent of her claims against the other defendants. (Id. ¶ 14.)

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court used a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 556 U.S. at 679; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id.

IV.  DISCUSSION

Plaintiff asserts a claim for legal fees against Harris.  Construing the remainder of the Complaint generously, the Court interprets it as asserting state-law claims for fraud, abuse of process, civil conspiracy, and punitive damages against the other defendants.  The Court first addresses the claim against Harris and then proceeds to the claims against the remaining defendants.  For the reasons explained below, none of plaintiff's allegations state a claim on which relief can be granted, and all of his claims are dismissed with prejudice.

A.   Claim Against Harris

In his claim against defendant Harris, plaintiff seeks compensation for legal services he provided in Harris's workers' compensation proceedings.  Plaintiff alleges that he and Harris entered into a written contingency-fee agreement.  (Compl. ¶ 63.)  Moreover, he claims that, until another attorney assumed responsibility for the case in 2007, he "vigorously represented Harris" and "added value to the litigation."  (Id. ¶¶ 64, 70.)  He asserts that he is "minimally" entitled to quantum meruit.  (Id. ¶ 72.)  However, "[i]f Harris'[s] workers' compensation litigation has been tried or settled, [plaintiff's] claim is for legal fees and reimbursement of expenses."  (Id. ¶ 74.)

At the outset, no appearance has been entered on behalf of Harris, and she has not responded to the Complaint.  Nonetheless, because of the Court's disposition of this matter, the Court addresses the issues presented by the claims against Harris.

Plaintiff is not entitled to compensation for his representation of Harris.  As a court in this District recently held in another case involving plaintiff, an attorney is not entitled to compensation from a former client in a contingency-fee case in which he terminated his representation prematurely due to disbarment or suspension from the practice of law.  See Pearson v. Tanner, No. 12-798, 2012 WL 1432282, at *6 (E.D. Pa. Apr. 25, 2012) (citing, inter

6

alia, Fletcher v. Krise, 120 F.2d 809, 810 (D.C. Cir. 1941), and Lampl v. Latkanich, 231 A.2d 890, 894 (Pa. Super. Ct. 1967)).  The attorney's disbarment constitutes a material breach of his contract with the client, and the attorney is not entitled to recovery for services rendered.  Id.  The Pearson court rejected cases which have held that disbarment results in "frustration of contractual purpose" and excuses the attorney from performance.  See id. at *5 ("[A]n attorney's disbarment or suspension is not, in fact, an event beyond his or her control.  In order for 'frustration of contractual purpose' to apply in the first instance, the event preventing performance cannot be the fault of one of the parties . . . .").  This Court finds the reasoning of the Pearson court persuasive and adopts it in this case.  Plaintiff's claim against Harris is thus dismissed with prejudice.[5]

### B. Claims Against the Other Defendants

Plaintiff's claims against the remaining defendants are vague.  However, the Court construes the Complaint as asserting state-law claims for fraud, abuse of process, civil conspiracy, and punitive damages.  For the reasons stated below, the Court dismisses all of plaintiff's claims with prejudice.

---

[5] The Court also notes that plaintiff would be precluded from recovering against Harris by the four-year statute of limitations that applies to contractual claims, including quantum meruit claims.  See Pa. Const. Stat. § 5525.  Where an attorney undertakes to represent a client under a contingency-fee agreement but terminates his representation prior to the occurrence of the contingency, any compensation the attorney might recover against the client is limited to quantum meruit.  See, e.g., Mager v. Bultena, 797 A.2d 948, 956-57 (Pa. Super. Ct. 2002); Hiscott & Robinson v. King, 626 A.2d 1235, 1237 (Pa. Super. Ct. 1993).  The quantum meruit claim accrues "as of the date the attorney is terminated." Fowkes v. Shoemaker, 661 A.2d 877, 880 (Pa. Super. Ct. 1995); see also Mager, 797 A.2d at 957 n.12 ("Since there is a four-year statute of limitations on [a quantum meruit] claim, a discharged attorney who waited until the client obtained a verdict before asserting his claim[] could find his right to any compensation barred by the expiration of the statute.").  A claim for reimbursement of legal expenses is also subject to a four-year statute of limitations.  See Pa. Const. Stat. § 5525(3), (4), (8). In this case, plaintiff's representation of Harris terminated more than four years before plaintiff commenced this lawsuit.  Any claim for quantum meruit or reimbursement of expenses is thus time-barred.

1. **Fraud**

Plaintiff's fraud claim fails. To state a claim for fraud under Pennsylvania law, a plaintiff must allege "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

Under Pennsylvania law, only a person who himself detrimentally relied on the misrepresentation in question may bring a fraud action. See, e.g., Michelson v. Exxon Res. & Eng'g Co., 629 F. Supp. 418, 423-24 (W.D. Pa. 1986) ("Plaintiff . . . may not invoke this cause of action because he logically cannot satisfy the requirement that he himself must detrimentally rely on the alleged misrepresentation."); see also Fluke v. Heidrick & Struggles, Inc., No. 02-8385, 2003 WL 22316772, at *3 (E.D. Pa. Aug. 27, 2003). Thus, a plaintiff who alleges that he was injured by someone else's detrimental reliance on a false statement has no cause of action in fraud.

In this case, plaintiff does not claim that he relied on defendants' statements. Nor does he claim that Harris, his client, relied on defendants' statements. Rather, he asserts that defendants' allegedly dishonest statements affected the actions of workers' compensation judges and other officials. (See, e.g., Compl. ¶ 50 ("In furtherance of defendants', excepting Harris, scheme, defendant Marshall, Dennehey made inaccurate representations to the workers' compensation judge, orally and in writing, which representations had the effect of wrongfully causing payment of Harris' benefits, and Feingold's counsel fees and costs, to be suspended."); Pl.'s Answer Mot. Dismiss 9 ("Plaintiff has forfeited filing fees to the Court system and otherwise expended hours

and hours of needless time attempting to undue [sic] defendants' fraudulent representations <u>to the worker's compensation system</u> and others." (emphasis added)).)  Plaintiff's fraud allegations thus fail to state a claim upon which relief can be granted.

### 2.  Abuse of Process

Plaintiff's claim for abuse of process likewise fails.  Abuse of process is "the use of legal process against another primarily to accomplish a purpose for which it is not designed."  <u>Keim v. Cnty. of Bucks</u>, 275 F. Supp. 2d 628, 634 (E.D. Pa. 2003) (quoting <u>Werner v. Plater-Zyberk</u>, 799 A.2d 776, 785 (Pa. Super. Ct. 2002)).  To establish an abuse-of-process claim, a plaintiff must show "that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed, and (3) that harm was caused to the plaintiff as a result."  <u>Id.</u> at 635.

Any abuse-of-process claim by plaintiff is time-barred.  Claims for abuse of process are subject to a two-year statute of limitations.  42 Pa. Cons. Stat. Ann. § 5524(2); <u>see also</u> <u>Rose v. Bartle</u>, 871 F.2d 331, 351 (3d Cir. 1989).  The only lawsuit or legal proceeding referenced in plaintiff's Complaint is Harris's workers' compensation litigation.  As stated above, plaintiff's involvement in Harris's workers' compensation proceedings ceased in 2007, approximately five years ago.  Thus, any abuse-of-process claim based on plaintiff's representation of Harris is time-barred now.

Moreover, the Court concludes that plaintiff's claim cannot succeed on the merits.  Plaintiff cannot recover on a claim that defendants used a legal process commenced by Harris, with plaintiff as her attorney, against plaintiff.  <u>See, e.g.</u>, <u>Feingold v. Unitrin Direct</u>, No. 12-1250, 2012 WL 2158699, at *4 (E.D. Pa. June 14, 2012) (dismissing a similar abuse-of-process claim by plaintiff with prejudice because the state-court litigation underlying his federal lawsuit was

"plainly not directed at [him]").

Plaintiff's abuse-of-process claim is thus dismissed with prejudice.

### 3. Civil Conspiracy

The Court also dismisses plaintiff's civil-conspiracy claim. To establish liability for civil conspiracy, a plaintiff must prove "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Doltz v. Harris & Assocs., 280 F. Supp. 2d 377, 389 (E.D. Pa. 2003). A plaintiff's claim for civil conspiracy must be dismissed if he has not alleged a viable underlying tort claim. See, e.g., Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 834 (E.D. Pa. 2001) (holding that a plaintiff had failed as a matter of law to allege civil conspiracy because all of his underlying tort claims were either barred by the statute of limitations or substantively insufficient). "A verdict [in a plaintiff's favor] on civil conspiracy should yield to a finding for the defendant on the underlying tort because the cause of action is wholly subordinate to the underlying tort's existence." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000).

As stated above, plaintiff's Complaint contains no viable allegation of an underlying tort. Plaintiff has thus failed as a matter of law to state a claim for civil conspiracy.

### 4. Punitive Damages

Plaintiff alleges that he is entitled to punitive damages based on the "wanton, willful, reckless, [and] outrageous" conduct of all defendants other than Harris. (Compl. ¶¶ 56, 60.) However, as plaintiff admits in his response to the motions to dismiss, a claim for punitive

damages is derivative of the underlying tort claims. Because none of plaintiff's substantive tort claims survive the motions to dismiss, the claim for punitive damages must also be dismissed with prejudice. See, e.g., Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 802 (Pa. 1989) ("Since punitive damages are an element of damages arising out of the initial cause of action, if that cause of action is dismissed, the punitive damages which are incident to actual damages cannot stand." (citing Hilbert v. Roth, 149 A.2d 648 (Pa. 1959))).

For the reasons stated above, the Court dismisses all of plaintiff's claims against defendants Graff, Punturi, MDWCG, Manzione, POA, Giant, Wenk, and MAC.[6]

## V. CONCLUSION

For the foregoing reasons, the Motion of Defendant Marshall, Dennehey, Warner, Coleman & Goggin, P.C. and Michelle Punturi, Esquire to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; the Motion of Defendants,

---

[6]In their motions to dismiss, defendants also argue that plaintiff's claims should be dismissed on the grounds that, as a debtor in bankruptcy, plaintiff lacks standing to sue, and that Pennsylvania's judicial privilege doctrine protects all of the conduct at issue in this lawsuit. The rulings in this Memorandum make it unnecessary to reach these arguments.

There is one additional argument by defendants which warrants mention, although it does not ultimately succeed. Defendants contend that this lawsuit is barred by the doctrines of res judicata and collateral estoppel because in 2008, plaintiff filed a nearly identical complaint in the Court of Common Pleas of Philadelphia County. This is an appealing argument, as the state-court litigation involved the same parties and the same allegations. However, the Court of Common Pleas dismissed plaintiff's case with prejudice because he failed to respond to defendants' preliminary objections. See Feingold v. Punturi, No. 1491 EDA 2009, slip op. at 2 (Pa. Super. Ct. June 8, 2010). Plaintiff appealed to the Pennsylvania Superior Court, which held that, by failing to respond to defendants' preliminary objections, plaintiff had waived his claims. Id. at 4-5. While there is little case law on the point, the Court concludes that this does not constitute a judgment on the merits, as is required to implicate res judicata or collateral estoppel under Pennsylvania law. See Integrated Project Servs. v. HMS Interiors, Inc., No. 1789MAR.TERM.2001, 2001 WL 1807887, at *3 (Pa. Ct. Com. Pl. July 2, 2001) (citing Municipality of Monroeville v. Liberatore, 736 A.2d 31, 34 (Pa. Commw. Ct. 1999)) (holding that dismissal for failure to respond to preliminary objections does not constitute "a final judgment on the merits of the case").

11

Pam Graff, Christopher Wenk, Giant Food Stores, LLC, and MAC Risk Management, Inc., to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6); and the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) of Defendants, Marc Manzione and Pennsylvania Orthopedic Associates, Inc., are granted, and plaintiff's claims against all moving defendants are dismissed with prejudice.  Likewise, although a motion to dismiss has not been filed on behalf of defendant Roberta Harris, the claims against Harris will also be dismissed with prejudice for the reasons stated.

      An appropriate Order follows.